## CIRCUIT COURT OF LANCASTER COUNTY

David H. Herndon et al.

v.

Chesapeake National Bank,
Trustee under the Will of
Mary D. Herndon

January 11, 1994

BY JUDGE JOSEPH E. SPRUILL, JR.

The Court in this cause is asked to terminate a trust pursuant to § 55–19.4 of the Code of Virginia.

Mary D. Herndon died in February, 1987. In her will, dated October 25, 1979, after certain specific bequests, she left half of her residuary estate outright to her daughter, Sharon, and the other half in trust for the benefit of her son, David. The will provides that the Trustee pay to David, or expend for his benefit, the net income from the trust and so much of the principal thereof as may be necessary for his support and maintenance, and for the support, maintenance, and education of David's children, Laura and Richard. No invasion of principal is authorized if there are other income or assets available to David or his children from other sources. The Trustee is given the right to rely on David's or his children's affidavit as to the availability of other income or assets. In May, 1983, Mrs. Herndon executed a codicil to her will in which she left David's share of the real estate not to him outright as was provided in her will but in trust for his benefit, and further, she imposed spendthrift provisions against David's trust estate.

The will provides that upon David's death, the trust estate should be paid over to his issue, *per stirpes*.

David is now 56 years of age; his children are 25 and 21. The three join in this petition to terminate the trust.

The Trustee, Chesapeake National Bank, has answered, opposing termination, as does the guardian *ad litem* appointed to represent the interests of unborn or unascertained beneficiaries.

The issue presented here seems to be one of first impression in Virginia.

Virginia Code § 55–19.4 gives to circuit courts the authority to reform or terminate a trust "for good cause shown." In the case of termination, good cause may be shown by evidence (1) of changes in tax laws which may adversely affect the interests of the beneficiary; (2) that costs of continuing the trust impair its purposes; (3) that the value of the trust is less than $25,000; (4) that existing circumstances are such that the purposes of the trust or the interest of any beneficiary will be adversely affected if the trust is not terminated; or (5) that termination would benefit the trust or the interests of any beneficiary.

The petitioners contend that termination of the trust would benefit them and that their interests will be adversely affected if the trust is not terminated. They have indicated that if the trust is terminated, David will build a waterfront home in Lancaster County with the proceeds, and he argues that the value of this home will appreciate at a greater rate than the securities which comprise the trust estate at present. These securities are valued at about $160,000 and have yielded a net income of approximately $10,700 over each of the past four years. Trustee's expenses during this period have ranged from $450 to $550 annually.

The Court has heard and considered the evidence and the arguments of counsel, orally and on brief, as to the wisdom of either terminating or maintaining this trust. Whether continuation of this trust will adversely affect the beneficiaries, or whether its termination will benefit any of them, depends upon many factors, as counsel have recognized. Their arguments have focused upon such matters as "a stagnant economy," "the flat real estate market," "S & P 500 Index," and "the ravages of inflation."

In effect, the Court here is asked to forecast future economic conditions. We are hesitant to do so. Even those who profess to be experts in these matters seem to be wrong about as often as they are right. We do not believe the Legislature intended to impose upon the courts the task of anticipating future economic trends or developments in construing this statute. Unless the impairment, if the trust is not terminated, or the benefit, if it is, is reasonably apparent, absent some other special circumstance set forth in the statute, this court concludes good cause will not have been shown.

To undertake to compare the value which this home, yet to be built, will have at some future time, presumably at David's death, with the value of what the trust fund would be at that time were the income allowed to accrue and compound, is simply too speculative an exercise. The circumstances here present too many imponderables to warrant a finding that good cause to terminate this trust has been shown.

The petitioners rightly argue that the Court must give effect to the plain and unambiguous language of the statute. They argue further that this statute changes the common law, a possibility recognized by Professor J. Rodney Johnson in his comments on this statute at 25 *University of Richmond Law Review* 932. Professor Johnson writes that a literal reading of the statute presents the possibility of "a reversal of existing Virginia law confirmed by the Virginia Supreme Court as recently as 1990."

The Trustee argues that the statute was designed to provide a practical remedy in cases where changes in federal or state tax laws adversely affect an existing trust, or where other special or unusual circumstances indicate that reformation or termination is clearly in the best interests of the trust or its beneficiaries.

In construing this statute, the Court adopts the narrower view advocated by the Trustee.

Testamentary intent has long been a "hallowed concept" (Professor Johnson's words) in this Commonwealth. Our citizens are entitled to plan their estates, and their lawyers must be able to give estate planning advice with confidence. To adopt the petitioners' construction of this statute would seem to imperil the ability of both testators and lawyers to establish trusts and plan estates with reasonable assurance that their intentions will be carried out. A more logical interpretation is to consider the statute as a means provided by the Legislature to alleviate hardship and to allow for some flexibility where changes in tax laws or other circumstances clearly warrant the reformation or termination of a trust.

According due deference to principles well established in the law of wills and estate administration in the Commonwealth and mindful of the possible mischief which would result from too broad or literal a reading of § 55–19.4, the Court here declines to invoke its provisions. We conclude that good cause, as contemplated by the statute, has not been shown.

For these reasons, the prayer of the petition is denied.